ISAAC J. VAN AMBURGH AND JOHN H. MILLER, APPELLANTS, *v.* JOHN G. H. KRAMER, RESPONDENT, IMPLEADED WITH OTHERS.

*Mortgage from husband to wife — what consideration will support it — when wife, by joining in a deed, does not release the premises from a mortgage thereon owned by her.*

December 11, 1873, Richards and wife executed a bond and mortgage to one Lobenstein, who, on the thirteenth, assigned it to Richard's wife, Caroline Richards. On January 21, 1874, Richards and wife conveyed the premises, by a deed in the usual form, to defendant's grantor, the husband alone joining in the warranty. At the same time the husband gave to the grantee an agreement in writing to pay off the mortgage. On May 28th, 1874, Caroline Richards assigned the bond and mortgage to this plaintiff, who brought this action to foreclose the same.

*Held,* that the wife by joining in the deed did not release the premises from the lien of the mortgage then owned by her.

The consideration required to support a mortgage from husband to wife considered.

APPEAL from a judgment in favor of the defendants, entered upon the report of a referee.

The action was brought to foreclose a mortgage. The referee found that on the 11th day of December, 1873, the defendant Richards and Caroline, his wife, executed and delivered unto one Emanuel Lobenstein the bond and mortgage set forth in the complaint; that on the 13th day of December, 1873, Lobenstein duly assigned the said bond and mortgage to Caroline Richards; that on the 28th of May, 1874, the said Caroline Richards assigned the said bond and mortgage to the plaintiffs; that on the 21st day of January, 1874, the said defendant Richards and the said Caroline, his wife (she, the said Caroline, being then the holder of said mortgage), by indenture of deed under their hands and seals, conveyed the mortgaged premises unto one William Pleuss, subject only to a mortgage other and different from the one mentioned in the complaint, and that in and by said deed the said Caroline Richards and her husband, the said Alonzo Richards, granted, sold, released and conveyed unto said Pleuss the aforesaid mortgaged premises, and also all the estate, right, title, interest, dower

and right of dower, property, possession, claim and demand whatsoever, as well in law as in equity, of the said Alonzo Richards and Caroline Richards of, in and to said premises; that at the time of the delivery of the said deed from the said Alonzo W. Richards and wife to the said William Pleuss, the said Richards executed and delivered to the said Pleuss an agreement in writing, whereby the said Richards agreed that he would clear and pay off the mortgage mentioned in the complaint on or before the first of February, 1874 ; that Pleuss conveyed the said premises to one Albert Coordes, who conveyed them to the defendant Kramer.

The referee further found, as a conclusion of law, that in and by the deed first hereinbefore mentioned, the said Caroline Richards released and discharged the mortgaged premises from the lien of the mortgage mentioned in the complaint.

*D. P. Barnard*, for the appellants. The relation of husband and wife is consideration sufficient to sustain the mortgage in this suit from Richards to his wife, as against every one except creditors. (4 Kent, 465; *Hunt* v. *Johnson*, 44 N. Y., 27.) By Caroline Richards joining with her husband in a deed of the mortgaged premises, she did not sell the bond and the debt the mortgage was given to secure, and she could not sell the mortgage as a lien distinct from the bond. (*Jackson* v. *Willard*, 4 J. R., 41; *Aryman* v. *Bill*, 5 J. C. R., 570; *Pocker* v. *Rochester & Syracuse R. R. Co.*, 17 N. Y., 296; *Merritt* v. *Bartholick*, 26 id., 44; *Cooper* v. *Newland*, 17 Abb. P. R., 342; *Power* v. *Lester*, 17 How. P. R., 413; *S. C.*, 23 N. Y., 527; *Gillig* v. *Maass*, 28 id., 191.)

*Henry J. Schenck*, for the respondent. The consideration of love and affection is not sufficient to support an executory contract. There must be a valuable consideration. (2 Kent, 465 [star page]; *Fink* v. *Fink*, 18 Johns., 145; *Harris* v. *Clark*, 3 N. Y., 93; *Howell* v. *Wilson*, 9 Barb., 487.) When the bond is invalid, the mortgage is nugatory. (*Knickerbocker L. I. Co.* v. *Nelson*, 6 Wk. Dig., 145; *Merritt* v. *Bartholick*, 36 N. Y., 44.)

GILBERT, J.:

The evidence in this case merely shows that the bond and mortgage in suit were not made upon a valuable consideration. But there are other considerations which are sufficient in equity to support transactions between husband and wife, when the cliams of creditors do not intervene. Indeed, it has been held that a bond and mortgage may be made by way of gift. (2 R. S., 137, § 4; 4 Kent, 465; *Isenhart* v. *Brown*, 2 Edw. Ch., 341; *Bucklin* v. *Bucklin*, 1 Abb. App. Ca., 42; *Hunt* v. *Johnson*, 44 N. Y., 27.) And as between the parties, when a mere nominal consideration is inserted in a deed for the purpose of supporting it, evidence of the non-payment of such consideration will not destroy the deed. The grantor may sue the grantee and recover it. (*Meriam* v. *Harsen*, 2 Barb. Ch., 232, 267.)

Moreover, the seals are presumptive evidence of a consideration, and such presumption is not overcome by proof that a valuable consideration was not paid. (2 R. S., 406, § 77; *Anthony* v. *Harrison*, 14 Hun, 198; *S. C.*, Court App. MSS.) But it is unnecessary to pursue this subject, because the referee did not find that the bond and mortgage were made without any consideration. On the contrary, he refused the defendant's request that he should find that there was no value or consideration paid therefor.

The only remaining question relates to the effect of the fact that Mrs. Richards, the plaintiff's assignor, united with her husband in a conveyance of the mortgaged premises. That conveyance purported to convey the land described, and also all the right, title and interest, claim and demand of the grantors, of, in and to the same, to the grantee, to have and to hold the premises granted, with the appurtenances, etc. A mortgage is not either a *jus in re* or a *jus ad rem*. Whatever form may be given to the instrument, the mortgagor continues to be the owner of the land, and the mortgage is a mere lien. The mortgagee cannot, in any way, convey, devise or incumber the land, for he has no estate in it, or title thereto, nor has he any right to the possession thereof. The mortgagor can maintain an action of trespass against him. The mortgage passes to executors, as a chose in action, and it is extinguished by payment or tender of the debt to which it is

incidental. (*Kortright* v. *Cady*, 21 N. Y., 343, 364 ; *Cholmon-dely* v. *Clinton*, 2 J. & W., 1, 178 ; *Ten Eyck* v. *Craig*, 62 N. Y., 406, 421.)   As Mrs. Richards had no estate or interest in the land, she could convey none, and her deed did not for that reason operate as a grant, nor did it operate as a bargain and sale, for she received no consideration therefor.   Its only effect was to release her inchoate right of dower.   (1 R. S., 739, § 143 ; *Teft* v. *Munson*, 63 Barb., 31–37.)   Such was manifestly the intention of the parties to the conveyance, and that must govern in the construction of the instrument.   (1 R. S., 748, § 2.)   1. The *habendum* is restricted to the premises conveyed and the appurtenances thereto.   (4 Kent, 468.)   2. There are no words apt to discharge or release a chose in action.   3. She executed and acknowledged the instrument as wife.   4. She had a dower right, and to release that was a proper and apparently the only purpose of her uniting in the conveyance.   (*Power* v. *Lester*, 23 N. Y., 527 ; *Gillig* v. *Maass*, 28 id., 191.)

That the conveyance did not operate as an estoppel against her is shown by the fact that she gave no warranty.   (*Sparrow* v. *Kingman*, 1 Coms., 246.)   That the mortgage was impliedly excluded from the operation of such conveyance, we think is shown by the instrument executed by Richards, the husband and the principal grantor, and delivered to the grantee simultaneously with the delivery of the conveyance, whereby Richards, the husband, agreed to pay off the mortgage.   This paper and the conveyance, together, constitute but one transaction, the legal effect of which was a conveyance of the land, subject to the mortgage, to be afterwards paid by Richards.

The judgment must be reversed and a new trial must be granted at Special Term, with costs to abide the event.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment reversed and new trial granted at Special Term, costs to abide the event.